Cause No. 10-002110-cv-272



| | | |
|---|---|---|
| LARRY JORDY, as next friend of K█████ J████, a child, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | In the 272nd District Court of Brazos County, Texas |
| MICHAEL CARGILL, KENNETH NEWBOLD, LINDA MONTOYA, KATHERINE LINDSTROM, SHARON FIGUERON, and BRYAN INDEPENDENT SCHOOL DISTRICT, | § § § § § § § § | |
| Defendants, | § | |

## FIRST AMENDED PETITION

**NOW COMES** Larry Jordy ("Plaintiff"), as next friend of K████ J████, a child, and alleges and states the following:

### JURISDICTION AND VENUE

1.  Venue and jurisdiction are properly in this Court because all the parties reside in or are located in Brazos County, Texas.

### PARTIES

2.  Plaintiff Larry Jordy is the husband of Janet Jordy and the father of K█████ J████, age seven. The Jordys reside at 16523 Macey Road, Hearne, Texas 77859.

3.  Defendant Michael Cargill is the superintendent of the Bryan Independent School District ("Bryan ISD"). He may be served with process at 101 North Texas Avenue, Bryan, Texas 77803.

4.  Defendant Linda Montoya is the director of special services for Bryan ISD. She

may be served with process at 101 North Texas Avenue, Bryan, Texas 77803.

5. Defendant Kenneth Newbold is the principal of Bonham Elementary School, which is a part of Bryan ISD. He may be served with process at Bonham Elementary, 2801 Wilkes Drive, Bryan, Texas 77803.

6. Defendant Katherine Lindstrom was a special education teacher at Bonham Elementary. She may be served with process at 4903 Bay Oaks Court, College Station, Texas 77845.

7. Defendant Sharon Figueron was a special education teacher at Bonham Elementary. She may be served with process at 2917 Louisiana Avenue, Bryan, Texas 77803.

8. Defendant Bryan ISD is a political subsidiary of the State of Texas. It may served with process by serving Pat Shield, the president of its board of trustees, at 7173 FM 974, Bryan, Texas 77808.

## FACTS

9. From 2007 until 2009, K▮▮▮▮ was a student in the classroom of Defendants Figueron and Lindstrom. K▮▮▮▮ is mentally handicapped and her ability to communicate is very limited. On May 13, 2009, Kari Fulton, a teacher's aide, discovered that Defendant Figueron had locked K▮▮▮▮ in a dark, windowless bathroom inside her classroom. Defendant Lindstrom was in the classroom at the time Defendant Figueron locked K▮▮▮▮ in the bathroom, and she did nothing to protect K▮▮▮▮.

10. Ms. Fulton immediately notified the principal, Defendant Newbold, via e-mail that Defendant Figueron had locked K▮▮▮▮ in the bathroom. According to a read receipt, Mr. Newbold read the e-mail within 15 minutes, but he did not respond. Mr. Newbold repeatedly failed to respond to Ms. Fulton's e-mails or speak with her, so Ms. Fulton notified K▮▮▮▮'s

parents the following week.

11. On May 31, 2009, the Jordys and Ms. Fulton filed complaints with the Texas Education Agency ("TEA"), and the agency discovered repeated instances in which Defendant Figueron had locked K▊ in the dark bathroom. TEA, in turn, notified the Texas Department of Family and Protective Services. According to investigators, Defendant Figueron said she locked K▊ in the bathroom so she, *i.e.*, Defendant Figueron, could eat lunch. K▊ previously had no fear of the dark, but after being locked in the dark bathroom, K▊ can no longer sleep alone.

12. Soon after the TEA complaints were filed, Bryan ISD administrators decided to make Defendant Figueron the lone scapegoat. Bryan ISD instituted termination proceedings, and the TEA appointed a hearing examiner. In these proceedings, the school district's attorney served as "prosecutor," and she withheld information that implicated other school officials. Specifically, the school district's attorney withheld e-mail evidence that showed Defendant Newbold had been notified about Defendant Figeruon's misconduct on May 13, 2009, and that he had done nothing in response. As a result of the withheld evidence, the hearing examiner concluded that Defendant Newbold did not learn about the alleged abuse until June 1, 2009, *i.e.*, the day after the TEA complaints were filed. To this day, Defendant Newbold has never been held accountable for his own supervisory negligence and misconduct.

13. According to Ms. Fulton's complaint, Defendant Figueron frequently would scream at K▊ "from across the room or sitting right beside her" because K▊ was not working fast enough or paying attention. Ms. Fulton reported that Defendant Figueron "would snatch at [K▊], get in her face, and talk to her in an inappropriate tone." While Ms. Fulton worked with K▊ on counting blocks, K▊ would try to line them up perfectly because of

an obsessive compulsive disorder. On one occasion, according to Ms. Fulton, Defendant Figueron shoved all the blocks off K▆▆▆'s page and told her to stop wasting so much time.

14. According to Ms. Fulton, K▆▆▆ became increasingly anxious over time as Defendant Figureon kept screaming at her, and K▆▆▆ was having more and more difficulty paying attention in class. On May 28, 2009, for example (and after Ms. Fulton tried to notify Defendant Newbold about Defendant Figueron's mistreatment of K▆▆▆), Defendant Figueron began yelling at K▆▆▆ after a nap to hurry up and put her socks and shoes on. Defendant Figueron would not let K▆▆▆ go with Ms. Fulton to physical education because she could not get her shoes and socks on fast enough, and K▆▆▆ was crying and unable to get her shoes on for 6-7 minutes because Defendant Figueron kept screaming at her.

15. In her complaint, Ms. Fulton wrote that K▆▆▆ is a "special needs child and although [she] does amazing in a regular classroom, the [special education] class at Bonham is not the best environment for her or anyone." Ms. Fulton reported another incident in which Defendant Lindstrom yelled at a special needs child that "you aggravate me so bad I could knock you upside the head." In fact, as set forth below, the special education program at Bonham is a disaster, it routinely fails to comply with federal law, and administrators such as Defendants Newbold, Montoya, and Cargill have known about the problems but refused to correct them. The Plaintiff expects discovery to reveal that numerous other special needs children have been mistreated or abused by Bryan ISD, and that Bryan ISD systematically fails to comply with the federal Individuals with Disabilities in Education Act ("IDEA").

16. Beginning in 2007, when K▆▆▆ first attended Bonham as a kindergartener, several teachers were overtly hostile to K▆▆▆. On her first day of school, K▆▆▆'s teacher told the Jordys she would not help K▆▆▆ change her pull-up diapers because it was "not in her

make-up" to assist children in going to the bathroom. The Jordys left K▓▓▓ with that teacher briefly so they could talk with Defendant Newbold. When they returned to the classroom, most of the children were sitting in a circle while an aide read a book, but K▓▓▓ was lying down and playing with her feet. The teacher approached the Jordys, pointed to K▓▓▓, and said "What am I supposed to do with that?" At the Jordys insistence, K▓▓▓ was transferred to another classroom, but the second teacher became hostile as well. K▓▓▓ was not invited to holiday parties with other children and, at Kindergarten graduation, the teacher told Mrs. Jordy pointblank that she did not want K▓▓▓ walking with her class. In fact, special needs children at Bonham were rarely, if ever, invited to participate with their mainstream classmates in field trips, holiday parties, or similar class events.

17. Mr. and Mrs. Jordy repeatedly met with school officials (ultimately meeting with Defendant Cargill on June 3, 2009) to discuss their concerns that K▓▓▓ was being mistreated and that school employees were not complying with K▓▓▓'s Individual Education Plan ("IEP") as required by IDEA and TEA regulations. Defendants Montoya and Newbold were routinely present at the Admission, Review & Dismissal ("ARD") meetings where the IEPs were developed and discussed, but they steadfastly refused or failed to correct the problems identified by the Jordys. The federal government provides $20,000 or more per year in funding for each special needs child, but Bryan ISD repeatedly failed to provide a full-time aide for K▓▓▓ as required by her IEP. K▓▓▓ repeatedly missed physical education, art, and music classes because no aide was available to take her. Prior to filing the May 31, 2009 TEA complaint, the Jordys had filed a complaint with the TEA in 2008, but they later withdrew it because Defendant Montoya assured them all the problems would be corrected the following year. Obviously they were not corrected.

18.     In late July of 2010, Mrs. Jordy asked Defendant Montoya to transfer K▮▮▮ to a different school. Defendant Montoya told Mrs. Jordy that only the school district's transfer office could arrange that. The transfer office, in turn, told Mrs. Jordy that only Defendant Montoya could arrange the transfer. On August 2, 2010, Mrs. Jordy asked Defendant Montoya to transfer K▮▮▮ to a different campus with a special class for autistic students (K▮▮▮ has not been diagnosed with autism *per se*, but she has been diagnosed with autism symptoms). Defendant Montoya said the transfer could not be arranged, then said it could only be arranged through an ARD meeting, then said K▮▮▮ would not be eligible because she was not autistic.

## CLAIMS

19.     Notwithstanding any other portion of this petition, the Plaintiff does not assert any claims under state law against Bryan ISD.

### Negligence

20.     All previous paragraphs are incorporated herein by reference.

21.     Defendants Cargill, Newbold, Montoya, Figueron and Lindstrom are liable to the Plaintiff for injuries to K▮▮▮ caused by their negligence.

### False Imprisoment

22.     All previous paragraphs are incorporated herein by reference.

23.     Defendant Figueron falsely imprisoned K▮▮▮ and is liable for damages.

### Intentional Infliction of Emotional Distress

24.     All previous paragraphs are incorporated herein by reference.

25.     Defendants Figueron and Lindstrom intentionally inflicted emotional distress on K▮▮▮ and they are liable for damages.

## Breach of Fiduciary Duty

26. All previous paragraphs are incorporated herein by reference.

27. Defendants Newbold, Montoya, Figueron and Lindstrom breached their fiduciary duties to K▆▆▆ and are liable for damages.

## Civil Rights Violations

28. All previous paragraphs are incorporated herein by reference.

29. All the Defendants are liable to the Plaintiff under 42 U.S.C. §1983 for violations of K▆▆▆'s civil rights guaranteed by the Constitution and statutes of the United States.

## Equitable Relief

30. All previous paragraphs are incorporated herein by reference.

31. The Defendants routinely violated K▆▆▆'s Constitutional and statutory rights, including her rights under the Individuals with Disabilities in Education Act ("IDEA"). The Plaintiff seeks injunctive relief against Defendant Bryan ISD to prevent further violation of these rights. The Plaintiff also seeks injunctive relief against Defendant Bryan ISD to enforce compliance with IDEA and TEA regulations. Finally, the Plaintiff requests appointment of a special master to insure compliance with any equitable relief granted.

## PRAYER FOR RELIEF

The Plaintiff asks the Court to award the following relief:

a. Actual damages;

b. Exemplary damages;

c. Attorney fees and costs;

d. Injunctive relief; and

e. All other relief to which the Plaintiff may be entitled.

Respectfully submitted,

_____
Ty Clevenger
Younglin & Burns, PLLC
State Bar No.: 24034380
P.O. Box 4806
Bryan, Texas 77805
Telephone:  (979) 776-1325
Facsimile:  (979) 776-1315

ATTORNEY FOR PLAINTIFF

Case 4:10-cv-04408   Document 1-2   Filed on 11/05/10 in TXSD   Page 9 of 9


## CERTIFICATE OF SERVICE

On November 1, 2010, I sent a copy of the foregoing First Amended Petition to the counsel below via facsimile and regular mail.

_____
Ty Clevenger

Donald M. Hudgins
Bryan A. Domning
THE HUDGINS LAW FIRM
24 Greenway Plaza, Suite 2000
Houston, Texas 77046
Fax:   (713) 623-2793

Sara Hardner Leon
POWELL & LEON, LLP
1706 West 6th Street
Austin, Texas 78703
Fax:   (512) 494-1188